# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, HAGLER, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant ERIC A. SPITALE**
**United States Army, Appellant**

ARMY 20170128

Headquarters, 21st Theater Sustainment Command
David H. Robertson, Military Judge
Colonel Paula I. Schasberger, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Lieutenant Colonel Todd W. Simpson, JA; Captain Heather M. Martin, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Marc B. Sawyer, JA (on brief).

20 May 2019

-----------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
-----------------------------------------------------------------

HAGLER, Judge:

In this, our third review of appellant's case, we affirm the findings of guilty and the sentence. A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of failing to obey a lawful general regulation and making a false official statement, in violation of Articles 92 and 107, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 907 (2012) [UCMJ]. Contrary to his pleas, appellant was also found guilty of committing indecent conduct in violation of Article 134, UCMJ, but the military judge conditionally dismissed this offense as an unreasonable multiplication of charges with the Article 92 offense. The military judge sentenced appellant to a bad-conduct discharge, confinement for four months, and reduction to the grade of E-3. The convening authority approved the adjudged sentence and waived automatic forfeitures. We review the case under Article 66, UCMJ.

**BACKGROUND**

Appellant was a 39-year-old noncommissioned officer stationed in Korea, who regularly socialized with a junior soldier he directly supervised, Specialist (SPC) P. Appellant went to bars with SPC P, invited him to appellant's off-post residence, and eventually involved SPC P in sexual activities with appellant and appellant's wife. These activities, which appellant recorded on video, gave rise to the charges in this case. Appellant pleaded guilty to having a relationship with SPC P prohibited by Army Regulation 600-20, Personnel-General: Army Command Policy (18 Mar. 2008) (Rapid Action Revision, 20 Sept. 2012) [hereinafter AR 600-20], and to lying to a military law enforcement agent when asked whether he had shared the sex videos with other people. Appellant pleaded not guilty to indecent conduct by engaging in sexual acts in the presence of SPC P, but he was found guilty of this specification by the military judge.[1]

The appellate history of this case warrants brief discussion. On two previous occasions, we set aside the convening authority's action and returned the record of trial for new action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ. On our first review of this case, appellant's counsel assigned no errors, and we declined to address appellant's matters submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), as we identified a separate basis to set aside the convening authority's action.[2] On our second review, appellant alleged the new convening authority failed to give him an opportunity to present additional matters under Rule for Courts-Martial (R.C.M.) 1105. We concurred and set aside the second action, while also noting several defects in the Report of Result of Trial (DD Form 2707-1) and alleged omissions from the record of trial raised in appellant's *Grostefon* submission.[3] Appellant now requests relief under Article 66, UCMJ, for dilatory post-trial processing and again personally raises *Grostefon* matters.

---

[1] After findings and before sentencing, the military judge found this specification to be an unreasonable multiplication of charges, as it was wholly encompassed by the conduct alleged in the Article 92 violation. The military judge granted a conditional dismissal of the specification, to take effect if the Article 92 charge and its specification survived appellate review.

[2] *United States v. Spitale*, ARMY 20170128, 2018 CCA LEXIS 74 (Army Ct. Crim. App. 14 Feb. 2018) (summ. disp.).

[3] *United States v. Spitale*, ARMY 20170128, 2018 CCA LEXIS 426 (Army Ct. Crim. App. 16 Aug. 2018) (summ. disp.).

**LAW AND DISCUSSION**

*Dilatory Post-Trial Processing*

We recognize the protracted nature of the post-trial process in this case. That said, a considerable amount of this time was consumed by the appeals process, specifically, three reviews by this court resulting in two separate returns of the case for a new action by the convening authority. Our previous reviews found errors in the convening authorities' actions, but we found no substantive error in appellant's trial. We now conclude his convictions were correct in law and fact, and his sentence was appropriate. Although appellant is not to blame for the length of the process, in the end he was able to obtain a full and fair consideration of his case by the convening authority and this court. Thus, we are not convinced appellant was prejudiced in any meaningful way by the delays in the post-trial process.

This is not to say that any excessive post-trial delay is cured by an ultimate affirmation on appeal. In this case, however, it is difficult to ascertain any harm from the extended appellate process. While acknowledging our authority to grant relief in this case without a showing of prejudice, we are not compelled to do so here, as we find appellant's sentence was appropriate, even in light of the post-trial delay.

*Appellant's Grostefon Matters*

On each appeal to this court, appellant submitted *Grostefon* matters. Of note, these matters included issues with the accuracy and completeness of the DD Form 2707-1 and the record of trial. We find the government took corrective action to address these alleged issues, and our examination of the record reveals that the convening authority was able to consider all the materials appellant submitted pursuant to R.C.M. 1105, along with an accurate DD Form 2707-1 and a complete record of trial.[4] All three of appellant's *Grostefon* submissions were similar, but with a few notable variations. Among these, appellant's second submission alleged post-trial delay (a claim taken up by his counsel on the third appeal), while his third submission added that his sentence was inappropriately severe and that SPC P testified improperly as a victim of the Article 92 violation. We have examined these claims and the remainder of appellant's *Grostefon* matters and find them to be without merit.

---

[4] As noted in our previous opinion, many of the documents purportedly missing from the record of trial were actually contained therein or were properly redacted from prosecution exhibits at the request of trial defense counsel. *Spitale*, 2018 CCA LEXIS 426 at *6 n.6.

3

SPITALE—ARMY 20170128

## CONCLUSION

The findings and sentence are AFFIRMED. Specification 1 of Charge III will be DISMISSED upon Specification 1 of Charge I surviving "final judgment" of the proceedings. *See* UCMJ, art. 71(c)(1) (defining "final judgment").

Senior Judge BURTON and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4